IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK S. MITCHELL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 02-CV-906-WDS |
| | )   No. 97-CR-30089-06-WDS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

**STIEHL, District Judge:**

The Court originally dismissed petitioner Derrick S. Mitchell's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in January 2003 (Doc. 3). He later filed a petition for habeas review and a motion for reconsideration, both of which were denied because he had not obtained leave from the court of appeals to file a second or successive § 2255 motion. Petitioner now moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(5) (Doc. 35). He asks the Court to reopen this § 2255 action in light of the Supreme Court's decision in *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151 (2013).[1]

Though petitioner calls it a Rule 60(b)(5) motion, it is the substance of his motion that controls. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). And, in the context of a motion to vacate, set aside, or correct a sentence under § 2255, the Federal Rules of Civil Procedure may be applied only "to the extent that they are not inconsistent with any statutory provisions." 28

---

[1] In *Alleyne*, the Court held: "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury. 133 S.Ct. at 2155 (citation omitted).

U.S.C. § 2255 Rule 12. One statutory provision, 28 U.S.C. § 2255(h), limits the filing of successive motions; federal prisoners "are entitled to a single unencumbered opportunity to pursue collateral review." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). To file a successive motion, the prisoner must obtain certification from a panel of the court of appeals that the motion contains either newly discovered evidence or a new rule of constitutional law. § 2255(h); 2244(a); *Vitrano*, 643 F.3d at 233. Otherwise, the district court lacks jurisdiction to consider it. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Due to those limitations, any motion that is *functionally* a § 2255 motion must be treated as a § 2255 motion. *Curry*, 507 F.3d at 604; *Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

Any motion that challenges the legality of the prisoner's detention and seeks release from prison is functionally a § 2255 motion. *Curry*, 507 F.3d at 604. That includes a motion attacking the district court's "previous resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 532. It also includes a motion claiming a subsequent change in substantive law justifies relief under Rule 60(b)(6). *Id.* at 531 (citing *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002)).

Here, petitioner's motion for relief from judgment, though labeled a Rule 60(b)(5) motion, contends that a subsequent change in substantive law (*Alleyne*) justifies relief. As discussed above, that is functionally a § 2255 motion. Since he has filed more than one such motion previously, this one is second or successive, and petitioner needs certification from the court of appeals. *See* § 2255(h); *Vitrano*, 643 F.3d at 233. Accordingly, his motion for relief from judgment (Doc. 35) is **DISMISSED** for lack of jurisdiction.

This order of dismissal constitutes a final order in a proceeding under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). Petitioner therefore needs a certificate of appealability if he wishes to appeal this decision. § 2253(c)(1) (B); Fed. R. App. P. 22(b)(1). A certificate may be issued only

if the petitioner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(1)(B), which means that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a § 2255 motion is denied on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added). Here, regarding its procedural ruling, the Court does not believe jurists of reason would find it debatable whether petitioner's motion is second or successive. Accordingly, a certificate of appealability will not be issued. Petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

    **IT IS SO ORDERED.**

    **DATED: <u>August 14, 2013</u>**

    <u>/s/ **WILLIAM D. STIEHL**</u>
    **DISTRICT JUDGE**